IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ROME DIVISION



FILED IN OPEN COURT U.S.D.C. Atlanta

MAY 14 2013

JAMES N. HATTEN, Clerk
By: Deputy Clerk

UNITED STATES OF AMERICA : CRIMINAL INDICTMENT

v. :

BRANDON LEE EDWARDS : NO. 4:13-CR-026

THE GRAND JURY CHARGES THAT:

COUNT ONE

On or about March 6, 2012, in the Northern District of Georgia, the indictment, BRANDON LEE EDWARDS, did knowingly attempt to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of any articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that, the defendant, BRANDON LEE EDWARDS, did unlawfully attempt to take and obtain property from the presence of R.S., an employee of Sav-a-ton, a business then engaged in an activity affecting interstate commerce, the said property consisting of United States currency, without the consent of R.S., by means of actual and threatened force, violence and fear of injury to the person of R.S., in violation of Title 18, United States Code, Section 1951(a).

COUNT TWO

On or about March 6, 2012, in the Northern District of Georgia, the defendant, BRANDON LEE EDWARDS, did knowingly use and

carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, the attempted armed robbery alleged in COUNT ONE of the instant indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

COUNT THREE

On or about March 7, 2012, in the Northern District of Georgia, the defendant, BRANDON LEE EDWARDS, did knowingly obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of any articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that, the defendant, BRANDON LEE EDWARDS, did unlawfully take and obtain property from the presence of D.B., an employee of Marathon (Mapco) Oil Corporation, a business then engaged in an activity affecting interstate commerce, the said property consisting of United States currency, without the consent of D.B., by means of actual and threatened force, violence and fear of injury to the person of D.B., in violation of Title 18, United States Code, Section 1951(a).

COUNT FOUR

On or about March 7, 2012, in the Northern District of

Georgia, the defendant, BRANDON LEE EDWARDS, did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, the armed robbery alleged in COUNT THREE of the instant indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

COUNT FIVE

On or about March 7, 2012, in the Northern District of Georgia, the defendant, BRANDON LEE EDWARDS, did knowingly obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of any articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that, the defendant, BRANDON LEE EDWARDS, did unlawfully take and obtain property from the presence of M.I. and M.A., employees of Citgo Petroleum Corporation, a business then engaged in an activity affecting interstate commerce, the said property consisting of United States currency, without the consent of M.I. and M.A., by means of actual and threatened force, violence and fear of injury to the person of M.I. and M.A., in violation of Title 18, United States Code, Section 1951(a).

COUNT SIX

On or about March 7, 2012, in the Northern District of Georgia, the defendant, BRANDON LEE EDWARDS, did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, the armed robbery alleged in COUNT FIVE of the instant indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

COUNT SEVEN

On or about March 7, 2012, in the Northern District of Georgia, the defendant, BRANDON LEE EDWARDS, having been convicted of at least one of the following felony offenses:

1. Carrying a weapon on school property, on or about September 13, 2001, in the Superior Court of Floyd County, Georgia, in Case Number 01CR17355-1;

2. Four separate counts of burglary of a dwelling, on or about September 13, 2001, in the Superior Court of Floyd County, Georgia, in Case Number 01CR17366-1;

3. Possession of a firearm during the commission of a felony, on or about September 13, 2001, in the Superior Court of Floyd County, Georgia, in Case Number 01CR17366-1; and

4. Possession of a firearm by a convicted felon, on or about

March 14, 2007, in the Superior Court of Floyd County, Georgia, in Case Number 06CR02282;

which are crimes punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate commerce, that is, an Omega, .25 ACP pistol, serial number 32457, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

FORFEITURE PROVISION

1. This Indictment charges the defendant, BRANDON LEE EDWARDS, with violations of Title 18, United States Code, Sections 922(g) and 924. Upon conviction of any of such violations of the law, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), the defendant shall forfeit to the United States any and all property involved in, either directly or indirectly, the charged violation, including, but not limited to, a firearm, that is, an Omega, .25 ACP pistol, serial number 32457.

2. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A True BILL

FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

NATHAN P. KITCHENS
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6185 (p)
404/581-6181 (f)
Georgia Bar No. 263930